IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                          :
                                :
    AMILCAR FIGUEROA BONILLA,    :    CASE NO. 06-01267 (GAC)
    ROSA D. VELEZ RIVERA         :
                                :
    Debtors                      :    CHAPTER 13
_____:

**DECISION AND ORDER**

I. Background

On April 27, 2006, Amilcar Figueroa Bonilla and Rosa D. Velez Rivera (the "Debtors") filed a petition under Chapter 13 of the Bankruptcy Code.  The Court gave notice that the bar date to file proofs of claim was on September 12, 2006 (dkt. #5).  Creditors, Ana I. Roman and Carmen I. Amy ("Creditors"), attempted to file on that date, but ultimately filed the day after.  The Debtors filed an objection to the claim, contending that it was untimely (dkt. #47) and Creditors responded indicating that they tried to file on September 12, but that the court was closed (dkt. #50).  After a hearing, the Court ordered both parties to submit post-trial briefs.  Creditors filed a brief (Docket #95) which was later answered by the Debtors (Docket #99).  The issue before the Court is whether to allow the late filing of Creditors' proof of claim under an "excusable neglect" standard and whether Creditors were denied due process of law when they were unable to access the court's filing drop-box during normal operating hours.  For the

1

reasons set forth below, the Court concludes that Creditors' due process rights were violated and thus the objection to claim will be denied.

II. Position of the Parties

   A. Creditors

Creditors contend that Ms. Migdalia Dominguez, Executive Secretary of the Ramirez Lavandero and Associates Law Firm, arrived after 4:00 p.m., but prior to 5:00 p.m., on the afternoon of September 12, 2006 to file the proof of claim. Ms. Dominguez testified that the gates on the outside of the building were closed, and that a security guard told her that the building was not accessible for filing at the time. She filed the proof of claim the following morning. Creditors argue that the claim should be allowed under an "excusable neglect" theory.

   B. Debtors

Debtors claim that Creditors had more than enough time to file the corresponding proof of claim in the case, but waited until the last possible moment to file. Debtors also allege that if Ms. Dominguez had arrived at the court slightly after 4:00 p.m., as she contends, she still would have had the opportunity to file in the drop-box at the entrance of the Courthouse. Thus, debtors argue that there was no "excusable neglect" on Creditors' part, but just plain neglect.

Finally, Debtors argue that if the Court allows this proof of

claim, it would be extremely prejudicial to them since it would lead to further litigation on the subject matter. Debtors contend that they cannot pay the costs, such as attorney's fees, resulting from these future proceedings, since it would worsen their economic situation from what it was when they filed for bankruptcy protection.

III. <u>Discussion</u>

A. <u>The "Excusable Neglect" Standard</u>

In <u>Pioneer Investment Services v. Brunswick Assoc. Ltd.,</u> 507 US 380 (1993), the U.S. Supreme Court discussed the excusable neglect standard. The Supreme Court decided that an attorney's inadvertent failure to file a proof of claim on behalf of a creditor within the deadline set by the bankruptcy court could constitute "excusable neglect" within the meaning of Fed. R. Bankr. P. 9006(b)(1). <u>Id</u> at 383. The Court concluded that the "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases, but not in Chapter 7 cases." <u>Id</u>. at 389.

The present case is a Chapter 13 and the Bankruptcy Appellate Panel for the First Circuit has determined that the "excusable neglect" standard does not apply in Chapter 13 cases. See <u>Aboody v. U.S.</u>, 223 B.R. 36 (B.A.P. 1st Cir. 1998). In <u>Aboody</u>, the bankruptcy court allowed the U.S. Government to file a proof of claim in the debtor's Chapter 13 case, one month after

3

the claims bar date.  The Bankruptcy Appellate Panel unanimously reversed and remanded on the grounds that Chapter 13 and Chapter 7 are both governed by Fed. R. Bankr. P. 3002(c).  The Panel stated that "if the excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7, the standard should logically be inapplicable to the filing of a proof of claim in Chapter 13."  Id. at 38.  Therefore, the BAP concluded that Fed. R. Bankr. P 9006(b), which governs excusable neglect, was inapplicable.  Accordingly, this Court concludes that the claim of the Creditors in the present case can not be allowed under an excusable neglect theory.

B. Due Process

The Fifth Amendment to the Constitution of the United States of America, provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. Amend. V.  Proceedings in bankruptcy cases are subject to the requirements of due process under the Fifth Amendment to the Unites States Constitution.  In re San Miguel Sandoval, 327 B.R. 493 (B.A.P. 1stst Cir. 2005).  While the case law, involving due process in the late filing of proofs of claim, relates to inadequate notice of the bar date, nonetheless, the prohibition against allowing late filed claims must accomodate all due process concerns.

4

At the hearing, Ms. Dominguez testified that she arrived at the Courthouse on the afternoon of September 12, 2006, and found that the outside gates were locked.  She also testified that she was told by a court security guard that no further filings were to take place that day and that she did not find a drop-box.  This led her to take the documents she was attempting to file to her residence.  On the morning of September 13, 2006, she arrived at the courthouse and filed the proof of claim.

This Court is aware that the public entrance to the courthouse was being closed between 4:00 p.m. and 4:30 p.m., after the Clerk's Office closes to the public, and that the filing drop-box is inside the building and was not available for filing.  The entrance was being locked in spite of the published policy indicating that the drop box is available for filing from 8:00 a.m. to 5:00 p.m. Monday through Friday, except holidays.  Thus, the Court accepts Ms. Dominguez's testimony that she arrived during filing hours, but could not access the filing drop-box.  If the courthouse had not been locked during normal operating hours or had Ms. Dominguez been allowed to enter the building to file the proof of claim, Creditors' proof of claim would have been timely filed.  The claim was filed early the next morning.  Under this scenario, it would be fundamentally unfair to disallow the Creditors' claim and this Court concludes that disallowing Creditors' claim would be a denial of due process.

Accordingly, the Debtor's objection to the proof of claim will be denied.

## ORDER

Wherefore IT IS ORDERED that the Debtors' objection to the Creditors' proof of claim (dkt. #47) shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 11th day of June, 2008.

BY THE COURT:

s/ Gerardo A. Carlo

_____

GERARDO A. CARLO
U.S. Bankruptcy Judge

6