IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                    :
                                          :
AMILCAR FIGUEROA BONILLA                  :    Case No. 06-01267 (GAC)
ROSA D. VELEZ RIVERA,                     :
                                          :
        Debtors                           :    Chapter 13
                                          :
_____ :


**DECISION AND ORDER**

The issue pending before this court is whether to reconsider a previous Decision and Order issued by the Court denying debtors' objection to a proof of claim.

I. Background

On April 27, 2006, Amilcar Figueroa Bonilla and Rosa D. Velez Rivera (the "debtors") filed a petition under Chapter 13 of the Bankruptcy Code (docket #1). The Court gave notice that the bar date to file proofs of claim was September 12, 2006 (docket #5). Ana I. Roman and Carmen I. Amy ("creditors"), attempted to file on that date, but ultimately filed the day after. The debtors filed an objection to the claim, contending that it was untimely (docket #47) and creditors responded indicating that they tried to file on September 12, 2006, but that the court was closed (docket #50). The Court scheduled the objection to claim #11 and #12 and the creditor's reply for a pre-trial hearing on January 17, 2007 (docket #51). The parties filed the pre-trial brief on February 19, 2007 (dockets #68 and #69). On February 22, 2007, the Court held

1

the confirmation hearing, the chapter 13 plan was partially confirmed and the objections to proofs of claim 11 and 12 were scheduled for an evidentiary hearing on May 10, 2007 (docket #73). The debtors amended their pre-trial brief to include exhibits to be presented at the hearing (dockets #81 and #82).

The Court held an evidentiary hearing on June 21, 2007 (docket #100). Before the hearing began, the parties met in chambers to stipulate that the Court could take judicial notice of the fact that the Court is closed to the public at 4:00 p.m. and that the drop box is available for filing until 4:45 p.m. (docket #92). The debtors' counselor admitted that the creditors "arrived after – whoever filed arrived after four o'clock to file its claim and could not file the claim on September 12th. Counsel admits that there's filing drop box that's open until 4:45" (Transcript page 7, lines 12-16).

At the evidentiary hearing, the parties presented evidence which was duly marked and admitted, and the creditors presented the testimony of Ms. Migdalia Dominguez. Ms. Dominguez testified that she has been a secretary for fifteen years (Transcript page 9 line 20), that she was aware that the court closes at 4:00 p.m. (Transcript page 12 line 20), that she left the office at 4:00 p.m. (Transcript page 13 line 11 and 12), that she arrived 10 minutes after 4:00 p.m. (Transcript page 13 line 11-13). She also testified that when she arrived at the Courthouse she found that the outside gates were locked (Transcript page 10 lines 4-9). She also

2

testified that she was told by a court security guard that no further filings were to take place that day (Transcript page 10 lines 9 and 11) and that she did not find a drop-box (Transcript page 10 lines 12 and 13). On the morning of September 13, 2006, she arrived at the courthouse and filed the proof of claim (Transcript page 10 lines 20-22).

After the hearing, the parties were allowed until July 27, 2007, to submit memorandums of law, and the Court took the matter under advisement (docket #92).

In the Decision and Order dated June 13, 2008, the issue before the Court was whether to allow the late filing of the creditors' proof of claim under an "excusable neglect" standard and whether creditors were denied due process of law when they were unable to access the court's filing drop-box during normal operating hours (docket #101). The Court concluded that disallowing the creditors' claim would be a denial of due process and thus, the debtors' objection to the proof of claim was denied. On June 23, 2008, the debtors filed a motion for reconsideration and for additional findings of fact and conclusions of law pursuant to Federal Rules of Civil Procedure 59, made applicable in bankruptcy, by Federal Rules of Bankruptcy Procedure 9023 (docket #103). On June 29, 2008, the creditors replied to the debtor's motion for reconsideration (docket #110).

II. Position of the Parties

    A. Debtors

The debtors argued in their motion for reconsideration that Proofs of Claim 11 and 12 were inadequate because they were not accompanied with evidence of the existence of a debt, such as a promissory note, a written contract, or bill. They asserted that the creditors attached a civil suit petition to Proof of Claim 11 with no judgment, verdict, or order from any court and that therefore, it does not conform to Federal Rule of Bankruptcy Procedure 3001. The debtors also contend that the civil suit attached to the claim is in the Spanish language and thus, unacceptable before the Federal District Court for the District of Puerto Rico to serve as evidence.

Secondly, they contend that both proofs of claim appear as priority, but they do not conform to the definition of priority, as stated in 11 U.S.C. § 507, nor are they accompanied by any writing explaining why they should be considered priority claims.

Thirdly, they argued that the Court took judicial notice of the fact that the courthouse was being closed to the public between the hours of 4:00 p.m. and 4:30 p.m. around the time of September 12, 2006, and that this does not comply with Federal Rule of Evidence 201(b). They contend that the Court erred in its assessment that the supposed fact is "generally known within the territorial jurisdiction of the trial court" and that to the contrary, this is not something generally known. The debtors also

4

assert that neither is this supposed fact "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned," and that on the contrary, the Bankruptcy Court's own website states that filing hours are Monday to Friday from 8:00 a.m. to 5:00 p.m. They contend that to refute this publication, evidence had to be presented in the form of testimony or documentation which did not occur at the hearing. They also contend that they were not given the opportunity to be heard as per Federal Rule of Evidence 201(e), as to the propriety of taking judicial notice.

Finally, they argue that Ms. Dominguez's testimony cannot give a reasonable person confidence that she arrived at the courthouse within normal filing hours, and that she never stated that she arrived within filing hours, only that she left her office after 4:00 p.m. and that when she arrived the building was closed.

The debtors request that the Court amend its Decision and Order and grant their objections to Proofs of Claim 11 and 12, stating that they do not comply with Federal Rule of Bankruptcy Procedure 3001(c), that they were filed after the final date to file claims, that no evidence was presented showing that the courthouse closed its doors to the public before its normal closing hours on September 12, 2006, nor showing that Ms. Dominguez arrived at the courthouse before the close of normal filing hours.

B. <u>Creditors</u>

The creditors assert that Proof of Claim 12 was withdrawn on

5

the record in one of the hearings held and that the only one in controversy is Proof of Claim 11. Secondly, they argue that the Court has the power to take judicial notice of the contents of its own website, when such contents were relevant to a denial of the creditors' due process rights.

Thirdly, the creditors assert that in the decision and order the Court accepted "Ms. Domínguez' testimony that she arrived during filing hours, but could not access the filing drop-box," and thus, such testimony is evidence enough. They also assert that the Court did not have to take judicial notice that the gates of the Courthouse were closed before 5:00 p.m. on the filing date, because Ms. Dominguez's testimony was also enough. The creditors also contend that the Court can take judicial notice of the hour in which its own gates are closing.

They also assert that the quotation attributed to the creditors in paragraph forty-nine of debtor's motion, in no way contradicts the Court's conclusion that Ms. Domínguez arrived before 5:00 p.m., but could not access the filing drop-box. They argue that it only stated the same as what the Court concluded as fact: "that she arrived after the Clerk's office and the outside gates were closed," and that this complemented her testimony that she arrived in filing time but could not access the drop-box. They assert that this testimony was not at anytime contradicted and was subsequently accepted by the Court.

Finally, they contend that proofs of claim are filed to

protect creditors' right to continue litigating a local court proceeding that began before the debtors' filing of the petition and that may result in a judgment imposing economic liability on the debtors. They contend that in order to preserve their right to continue litigating the case in the local court and execute a judgment against the debtors, if such judgment is eventually forthcoming, the appearing creditors must file a Proof of Claim, or that possibility would be foreclosed. The creditors continue, arguing that the proofs of claim could not contain a specific sum, and that the only evidence needed to ascertain the existence of the local court proceedings. They assert that the nature of these claims were discussed in the first conference in chambers with the Court, and that it was clearly understood by everybody present. Therefore, the creditors request that the Court deny the debtor's motion of reconsideration.

III. <u>Discussion</u>

The parties contend that there are various issues pending before the Court, but the only issue that was fully argued in the Pre-Trial briefs (dockets #68, #69 and #82) and at the hearing, held on June 21, 2007, was whether Proof of Claim 11 was timely filed.

Federal Rule of Evidence 201 titled <u>Judicial Notice of Adjudicative Facts</u>, provides:

> (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is

7

either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
(c) When discretionary. A court may take judicial notice, whether requested or not.
(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.
[...]

The debtors argued that they were not given the opportunity to be heard as to why the Court took judicial notice that the Court was being locked before 5:00 p.m., in spite of the published policy indicating that the drop box is available for filing from 8:00 a.m. to 5:00 p.m. In the Decision and Order (docket #101), the Court stated that:

> [t]his Court is aware that the public entrance to the courthouse was being closed between 4:00 p.m. and 4:30 p.m., after the Clerk's Office closes to the public, and that the filing drop-box is inside the building and was not available for filing. The entrance was being locked in spite of the published policy indicating that the drop box is available for filing from 8:00 a.m. to 5:00 p.m. Monday through Friday, except holidays.

Before the hearing began, the parties met in chambers to stipulate that the Court could take judicial notice of the fact that the Clerk's Office is closed to the public at 4:00 p.m. and that the drop box is available for filing until 4:45 p.m. (docket

8

#92). Moreover, the debtors' counselor admitted that the creditors "arrived after – whoever filed arrived after four o'clock to file its claim and could not file the claim on September 12th. Counsel admits that there's filing drop box that's open until 4:45" (Transcript page 7, lines 12-16).

As per Federal Rule of Evidence 201(e), "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." The Court concludes that it failed to give debtor an opportunity of a hearing after taking judicial notice that the drop box was not available until 5:00 p.m., as advertised in the Court's website, therefore depriving the creditor of an opportunity to file the Proofs of Claim in a timely fashion when the witness arrive at the Court on September 12, 2006, at approximately 4:10 p.m. Thus, a hearing will be scheduled to allow the debtors an opportunity to be heard as per Federal Rule of Evidence 201(e). Also, the Court failed to grant the debtors an opportunity to present an officer of the Court, namely Nydia Rivera, that had been announced by debtors' counsel as a witness. The debtors may present this or any other witness to refute the allegation that creditor's witness, Ms. Dominguez, did not arrive during filing hours.

The debtors has also brought forth in the Motion for Reconsideration objections dealing with the validity of the Proof of Claim, which will also require a hearing on the merits.

9

Therefore, the Court will schedule a hearing on the issue of the timeliness of the Proof of Claim and the validity of the claim.

**ORDER**

Wherefore IT IS ORDERED that the Motion for Reconsideration filed by debtor is GRANTED, IN PART.

IT IS FURTHER ORDERED that a hearing will be schedule for June 23, 2009 at 1:30 p.m.  The parties will inform the Court in ten (10) days if the Pre-Trial briefs that were submitted (dockets #68 and #69), will need to be amended or supplemented for the hearing scheduled on June 23, 2009. All of the issues raised in the Motion for Reconsideration will be addressed by the parties at the hearing scheduled, including: the validity of Proof of Claim 11, evidence of the existence of a debt, evidence of the priority status of the proof of claim and legal arguments as to why the Court cannot take judicial notice of the Building's closing time. Creditor to file certified English translation of any documents it intends to rely on at the hearing.

SO ORDERED.

San Juan, Puerto Rico, this 2nd day of April, 2009.

/s Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge