IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                    :
                                          :
AMILCAR I. FIGUEROA BONILLA,              :      Case No. 06-01267 (GAC)
ROSA D. VELEZ RIVERA,                     :
                                          :
           Debtors                        :      Chapter 13
_____:

## DECISION AND ORDER

On July 1, 2009, the Court issued a bench order, allowing creditors Ana I. Roman and Carmen I. Amy ("creditors") to file a late proof of claim and granting the creditors relief from the automatic stay to liquidate their claim in local court. The debtors filed a notice of appeal and thereafter filed a motion for stay pending appeal (dkt. #142), which creditors opposed (dkt. #151).

A motion for stay pending appeal filed pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure is governed by Rule 62(c) & (g) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7062 of the Federal Rules of Bankruptcy Procedure. Allowance of a motion for stay pending appeal of a judgment is discretionary. A stay pending appeal is injunctive in nature and may be granted where: 1) the movant has made a strong showing of success on the merits; 2) the movant will suffer irreparable harm if the stay is denied; 3) the alleged harm to the movant outweighs any harm opposing parties may suffer if the stay is granted; and, 4) the granting of the

stay will serve the public interest. <u>Acevedo-Garcia v. Vera-Monroig</u>, 296 F.3d 13, 16 (1st Cir. 2002).

The debtors primarily contend that the Court's factual findings were based on testimony that was not entirely clear, and at times was contradictory. The Court concludes that the debtors are unlikely to prevail on appeal, since "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. Moreover, the Court cannot conclude that the debtors will be irreparably harmed if the stay is denied, since the only matter pending in the local court is the issue of damages. And while the debtors will be required to expend funds to defend in local court, this is no different than their expenditure of funds to prosecute their appeal. Litigation has costs. On the other hand, if the stay is granted and the debtors are unsuccessful in their appeal, the local court hearing would still have to be held and the bankruptcy case and the ultimate resolution of the creditors' claims will be further delayed. The Court cannot conclude that a stay would serve the public interest. Accordingly, the debtors' motion will be denied.

ORDER

WHEREFORE IT IS ORDERED that the debtors' motion for stay pending appeal (dkt. #142), shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 18th day of August, 2009.

BY THE COURT:

s/Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge